**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **S.W., J.W., and L.W.**

**No. 17-0225** (Randolph County 16-JA-11, 16-JA-12, & 16-JA-13)

**MEMORANDUM DECISION**

Petitioner Mother J.R., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's February 9, 2017, order terminating her parental rights to S.W., J.W., and L.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed an abuse and neglect petition against petitioner and the father. The petition alleged that the parties engaged in domestic violence in the children's presence and abused drugs. The petition also alleged that petitioner and the father failed to provide the children with safe and stable housing or with proper medical care and education. The petition further alleged that petitioner and the father exposed the children to sex offenders. In March of 2016, the petition was amended to include allegations that S.W. and J.W. were sexually abused by petitioner's brother, a registered sex offender, and by a neighbor. The amended petition also alleged that petitioner and the father were aware of the sexual abuse but took no action.

In April of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations that her substance abuse impaired her ability to parent and that she

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

failed to provide the children with adequate supervision, housing, or clothing. The circuit court accepted petitioner's stipulation and adjudicated her as an abusing parent. The circuit court ordered that petitioner submit to random drug screening and that supervised visitation would be contingent on her negative drug screens. Following her adjudication, petitioner filed a written motion requesting a post-adjudicatory improvement period.

In December of 2016, after a series of continuances, the circuit court held a dispositional hearing. At the hearing, the circuit court considered petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate petitioner's parental rights. The DHHR called the psychologist that evaluated the children to testify but the psychologist failed to appear because of a death in her family. A DHHR worker testified as to the recommendations contained in the psychologist's evaluation. The father's counsel objected to the testimony based on his inability to cross-examine the psychologist. The circuit court allowed the DHHR worker's testimony but held a conference with the parties regarding the psychologist's absence. The parties agreed that the guardian would obtain the written recommendations from the psychologist and disseminate them to the parties. Following the conference, a second DHHR worker testified that petitioner tested positive for controlled substances in June of 2016, had not submitted to any other random drug screens, and refused to make contact with the DHHR. The worker also testified that the father reported that he and petitioner were still engaging in domestic violence. The worker further testified that she had concerns regarding petitioner's ability to fully participate in an improvement period because of her on-going, violent relationship with the father and her continued drug use. Petitioner admitted that she had a substance abuse problem that affected her ability to parent, abused methamphetamines, and that she would test positive for drugs if screened. She testified that she "would go get high in [her] room instead of paying attention to [her] children like [she] should have been." She also admitted to making no efforts toward addressing the issues of domestic violence in the home. Petitioner denied knowing that two of the children had been sexually abused.

In January of 2017, the circuit court held a second dispositional hearing. The circuit court noted that it considered the psychologists' written recommendations for the children. According to the circuit court, the children's respective psychological evaluations recommended that petitioner and the father have only therapeutic contact with the children due to the extent of sexual abuse and violence in the home. Reunification with petitioner and the father was not recommended. At the conclusion of the hearing, the circuit court found that petitioner and the father continued to engage in domestic violence throughout the proceedings, that petitioner continued to abuse drugs, failed to comply with drug screening, and did not visit with the children for more than one year, due to her non-compliance. The circuit court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated her parental rights to the children, and denied her motion for a post-adjudicatory improvement period, by order entered on February 9, 2017.[2] It is from that order that petitioner appeals.

---

[2]All parental rights of both of the children's parents were terminated below. According to the guardian, L.W. and J.W. were placed in the same foster home and the permanency plan is

(continued . . .)

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period or in terminating her parental rights.

Petitioner contends that the issues of abuse and neglect were correctable and that the circuit court disproportionately relied on the written recommendations that reunification with petitioner was not in the children's best interests. We disagree. We have long held that the grant or denial of an improvement period is within the discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'"*In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Contrary to petitioner's argument, the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period and termination of her parental rights was based on substantial evidence apart from the psychologist's recommendations. For example, the circuit court was presented with evidence that petitioner failed a drug screen, admitted to abusing

---

adoption therein. Additionally, S.W. was placed in residential treatment at the Bridge Program at the River Park Hospital, for children exposed to physical, emotional, or sexual abuse. According to the guardian, S.W. is nearing her discharge from the program and has been participating in weekend visits and family therapy with a foster family and the permanency plan is adoption therein.

methamphetamines, and continued to engage in domestic violence with the children's father throughout the proceedings. Further, petitioner admitted to making no efforts toward addressing the issues of domestic violence in the home. It is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. As such, it is clear that petitioner failed to establish that she was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

Moreover, the circuit court found that petitioner failed to remedy the conditions of abuse and neglect in the home. These findings were based on substantial evidence, including evidence that petitioner failed to fully participate in random drug screening, admitted to substance abuse, and continued to engage in domestic violence. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child .
> . . .

Based upon the substantial evidence outlined above, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because, according to the circuit court, she was "unwilling or unable to provide adequately for the children's needs" and failed to visit with the children for more than one year due to her non-compliance. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 9, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker